UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD JONES, III,

      Plaintiff,

v.                                        CASE No. 8:09-CV-1945-T-17TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

## REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of his
claims for Social Security disability benefits and supplemental security
income payments.[1]  Because the decision of the Commissioner of Social
Security fails properly to evaluate the opinions of two treating physicians, I
recommend that the decision be reversed and the matter remanded for further
consideration.

_____

[1] This matter comes before the undersigned pursuant to the Standing Order of this
court dated January 5, 1998.  See also Local Rule 6.01(c)(21).

I.

The plaintiff, who was fifty-three years old at the time of the administrative hearing and who apparently has at least a high school education (Tr. 517), has worked as an electronics mechanic, administrative assistant, and sales representative (Tr. 20, 60, 115). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled on June 25, 2005, due to fibromyalgia, back and shoulder pain, a history of heart attacks, and depression (Tr. 36, 60, 717). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had the following severe impairments: "history of hepaterectomy for fibroid tumor (April 2005), degenerative disk disease, fibromyalgia, chronic fatigue, hypertension, and atherosclerotic coronary artery disease with stent placement (2004)" (Tr. 13). He concluded that the plaintiff retained the residual functional capacity to perform the full range of medium work (Tr. 16). The law judge determined, in light of that finding, that the plaintiff was capable

of performing past relevant work as an electronics mechanic, administrative assistant, or sales representative (Tr. 20). Accordingly, he ruled that the plaintiff was not disabled (id., Tr. 21). The Appeals Council let the decision stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if he is capable of performing his previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B). In this case, also, the plaintiff must show that he became disabled before his insured status expired on December 31, 2006, in order to receive disability

benefits.  42 U.S.C. 423(c)(1); <u>Demandre</u> v. <u>Califano</u>, 591 F.2d 1088, 1090
(5th Cir. 1979), <u>cert</u>. <u>denied</u>, 444 U.S. 952.  There is not a similar requirement
with respect to the plaintiff's claim for supplemental security income
payments.

A determination by the Commissioner that a claimant is not
disabled must be upheld if it is supported by substantial evidence.  42 U.S.C.
405(g).  Substantial evidence is "such relevant evidence as a reasonable mind
might accept as adequate to support a conclusion."  <u>Richardson</u> v. <u>Perales</u>,
402 U.S. 389, 401 (1971), <u>quoting</u> <u>Consolidated Edison Co.</u> v. <u>NLRB</u>, 305
U.S. 197, 229 (1938).  Under the substantial evidence test, "findings of fact
made by administrative agencies ... may be reversed ... only when the record
compels a reversal; the mere fact that the record may support a contrary
conclusion is not enough to justify a reversal of the administrative findings."
<u>Adefemi</u> v. <u>Ashcroft</u>, 386 F.3d 1022, 1027 (11th Cir. 2004) (<u>en</u> <u>banc</u>), <u>cert</u>.
<u>denied</u>, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the
courts, to resolve conflicts in the evidence and to assess the credibility of the
witnesses.  <u>Grant</u> v. <u>Richardson</u>, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is

-4-

the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.  Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff testified at the hearing that fibromyalgia is his main physical problem (Tr. 719). He stated that he experiences pain in his neck, shoulders, right arm, and back (Tr. 722).   The law judge found that the plaintiff suffers from fibromyalgia, and that it is a severe impairment (Tr. 13). He also found, as pertinent here, that the plaintiff has severe impairments of degenerative disk disease and chronic fatigue (id.).  Nevertheless, the law

judge concluded that the plaintiff, who is in his fifties, retained the functional capacity to perform the full range of medium work (Tr. 16). That type of work requires the ability to stand or walk for six hours out of an eight-hour day, and to lift and carry fifty pounds occasionally and twenty-five pounds frequently. 20 C.F.R. 404.1567(c), 416.967(c).

Two of the plaintiff's treating physicians completed questionnaires, which essentially opined that, due to the plaintiff's fibromyalgia and other medical conditions, the plaintiff was disabled from working (Tr. 298-301, 309-12). The law judge gave no weight to the opinions of either treating physician (Tr. 19). The plaintiff challenges that determination (Doc. 15, pp. 11-17). The challenge has merit.

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not giving them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

Dr. Paul Kostamo, M.D., the plaintiff's primary care physician, opined that the plaintiff can sit for less than two hours, and stand/walk for less than two hours in an eight-hour workday (Tr. 310). He indicated that the plaintiff could never lift or carry less than ten pounds (Tr. 311). Further, Dr. Kostamo opined that the plaintiff was significantly limited in postural movements and reaching, handling, and fingering (id., Tr. 312). He also stated that the plaintiff would be absent from work more than six times per month (Tr. 312). Dr. Kostamo said that the plaintiff is not capable of sustained full-time work five days per week for eight hours per day (id.).

In addition, Dr. Shaukat Chowdhari, M.D., the plaintiff's treating pain physician, opined that the plaintiff, in an eight-hour workday, cannot engage in prolonged sitting or standing, and that he needs to be able to move at will (Tr. 299, 300). Further, Dr. Chowdhari opined that the plaintiff should never lift fifty pounds, or bend or twist at the waist (Tr. 300). Moreover, Dr. Chowdhari opined that the plaintiff would need to take unscheduled breaks during the workday (id.). Dr. Chowdhari stated that the plaintiff suffers from chronic intractable pain, facet and joint tenderness, and radiculopathy (Tr.

298).  He also said that the plaintiff was not capable of sustained full-time

work five days per week for eight hours per day (Tr. 301).

    The law judge, after acknowledging that the treating physicians'

opinions would preclude sustained full-time work, stated that he did not grant

any weight to either of these opinions (Tr. 19).  Rather, the law judge stated

that he gave weight to, and found persuasive, the December 2005 and August

2006 assessments of nonexamining state agency reviewers Scott C. Andrews

and Thomas Renney, D.O. (Tr. 20), both of whom opined that the plaintiff

could do the full range of medium work (Tr. 416, 520).[2]

    In rejecting the treating physicians' opinions,  the law judge

stated (Tr. 19-20):

> Dr[s]. Kostamo and Chowdhari's conclusions are
> internally and externally inconsistent; therefore, the
> undersigned has not granted any weight to their
> opinions because of those inconsistencies.  For
> example, the limitations and/or restrictions as
> outlined by Dr. Kostamo and Dr. Chowdhari were
> not supported by clinical tests or the medical
> evidence of record in its entirety. Rather, they
> appeared to be based on the claimant's subjective
> complaints rather than objective diagnostic or

---

[2]Andrews was simply listed as "SDM" (Tr. 526).  Other cases have indicated that that
means "single decisionmaker," and that the individual is not a doctor.

clinical evidence. Dr. Kostamo opined that the
claimant's severe limitations were due in part to
depression but the claimant testified that his
depression had improved. Dr. Chowdhari failed to
indicate the amount of time the claimant could sit
or stand continuously. As the claimant's treating
physician it is reasonable to conclude that he would
be the physician most able to provide at the very
least an estimation of time that his patient could
reasonably sit and/or stand during an eight-hour
workday. In fact, Dr. Chowdhari provided ill-
defined, vague answers to any question that
requested specific parameters. The undersigned
finds it reasonable to conclude that if the
limitations were truly debilitating, there should be
no reason why Dr. Chowdhari would be unable to
provide answers that were definitive and without
question.    Additionally, the undersigned is
cognizant of the fact that it appears that these
questionnaires were not completed as a result of an
examination in an attempt to seek treatment but
rather, they were requested by the claimant's
attorney representative in connection with an effort
to generate evidence for the current appeal. Both
physicians completed their individual assessment
without the benefit of a recent examination of the
claimant, i.e., the last treatment records from Dr.
Kostamo ended on April 15, 2008 and records from
Dr. Chowdhari ended May 1, 2005. In addition,
the last treatment record from Dr. Kostamo's office
was actually completed by Meredith Dykes, ARNP,
and not Dr. Kostamo....The doctors were
presumably paid for the completed questionnaires
and although such evidence is certainly legitimate
and deserves due consideration, the context in

> which it was produced cannot be entirely ignored.
> Finally, both Dr. Kostamo and Dr. Chowdhari are
> unfamiliar with our disability program and its
> evidentiary requirements. Other opinions are more
> persuasive and much more consistent with the
> medical evidence of record.

Arguably, the law judge could reject the doctors' opinions that the

plaintiff was not capable of sustaining work five days per week for eight

hours per day on the ground that the doctors were not familiar with the

requirements of the disability program. Such an opinion, in effect, amounts

to an opinion that the plaintiff is totally disabled, and a conclusion on that

matter is an issue reserved to the Commissioner. 20 C.F.R. 404.1527(e)(1),

416.927(e)(1).

However, merely because the law judge could properly discount

opinions that the plaintiff is totally disabled does not mean that he is justified

in rejecting everything the two treating physicians had to say. For example,

the law judge should reasonably consider the doctors' opinions regarding

such subsidiary issues as the plaintiff's ability to stand or walk for six hours

during an eight-hour day, or to lift and carry more than twenty pounds. The

law judge's decision does not provide any cogent reasons for discounting the doctors' opinions on these subjects.

The law judge said at the outset that he gave the doctors' opinions no weight because they were internally and externally inconsistent (Tr. 19). However, he fails to give any specific examples of the purported inconsistencies. It is apparent that the two doctors did not answer the questions on the form all the same, so, in that sense, they are inconsistent. But it would seem only reasonable in that circumstance, and in the absence of any reason besides the inconsistency, to accept the least restrictive of the opinions, rather than totally discounting them both.

In addition, the other reasons the law judge gave for rejecting the opinions do not survive scrutiny. As the plaintiff argues, the law judge's rejection of the treating physicians' opinions because they "appeared to be based on the claimant's subjective complaints rather than objective diagnostic or clinical evidence" (Tr. 19; see also Tr. 17, 18) is not an adequate basis for rejecting alleged limitations caused by fibromyalgia, the hallmark of which is a lack of objective medical findings. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).

The law judge found that the plaintiff's fibromyalgia is a severe impairment (Tr. 13). The law judge, however, does not acknowledge in his decision the distinctive characteristics of fibromyalgia. "Fibromyalgia is a condition characterized by widespread pain in joints, muscles, tendons and soft tissues." Heppell-Libsansky v. Commissioner of Social Security, 170 Fed.Appx. 693, 695 (11th Cir. 2006)(unpub. dec.). The Eleventh Circuit, as indicated, has noted that the hallmark of fibromyalgia is a lack of objective evidence. Moore v. Barnhart, supra, 405 F.3d at 1211; Somogy v. Commissioner of Social Security, 366 Fed. Appx. 56, 63-64 (11th Cir. 2010)(unpub. dec.). Thus, physical exams of fibromyalgia patients will usually yield normal results. Somogy v. Commissioner of Social Security, supra, 366 Fed. Appx. at 64. As explained in Sarchet v. Chater, 78 F.3d 305, 306 (7th Cir. 1996):

> Its cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia. The principal symptoms are "pain all over," fatigue, disturbed sleep, stiffness, and – the only symptom that discriminates between it and other diseases of a rheumatic character – multiple tender spots, more precisely 18 fixed locations on

> the body (and the rule of thumb is that the patient
> must have at least 11 of them to be diagnosed as
> having fibromyalgia) that when pressed firmly
> cause the patient to flinch.

Consequently, if a claimant suffers from fibromyalgia, a law judge may not reject a treating physician's opinions because they were "based primarily upon" the claimant's subjective complaints. See Somogy v. Commissioner of Social Security, supra, 366 Fed. Appx. at 63. Therefore, the opinions of treating physicians Kostamo and Chowdhari may not be rejected on the basis that "they appeared to be based on the claimant's subjective complaints" rather than objective medical findings (Tr. 19). See id.

Although the law judge considered other factors in discounting the opinions of Drs. Kostamo and Chowdhari, those other factors either do not constitute substantial evidence for rejecting these treating physicians' opinions, or their factual bases are erroneous. See Lewis v. Callahan, supra, 125 F.3d at 1440. For example, the law judge considered in rejecting the opinions of Drs. Kostamo and Chowdhari that "[b]oth physicians completed their individual assessment without the benefit of a recent examination of the claimant, i.e., the last treatment records from Dr. Kostamo ended on April 15,

2008, and records from Dr. Chowdhari ended May 1, 2005" (Tr. 19-20). The statement that Dr. Chowdhari's records ended May 1, 2005 is incorrect; the record before the law judge includes treatment records up to May 2008 (Tr. 318). Therefore, to the extent that the law judge's decision was based on this erroneous finding of fact, it is not supported by substantial evidence. Somogy v. Commissioner of Social Security, supra.

The law judge also gave as a reason for rejecting Dr. Kostamo's opinion that the doctor opined that the plaintiff's limitations were due in part to depression, but the plaintiff testified that his depression had improved (Tr. 19). However, Dr. Kostamo did not say that the plaintiff's limitations were due to depression. Rather, at the outset, he simply listed depression as a diagnosis, along with other diagnoses, including rhinitis (Tr. 309). Thus, this reason does not support rejecting Dr. Kostamo's opinion.

The law judge also stated that he rejected Dr. Chowdhari's assessment because Dr. Chowdhari gave "ill defined, vague answers to any question that requested specific parameters" (Tr. 19)(emphasis added). The factual premise of this conclusion is faulty to the extent that Dr. Chowdhari did provide definitive answers to several questions. Thus, Dr. Chowdhari

-14-

opined specifically that the plaintiff can frequently lift ten pounds but never lift fifty pounds (Tr. 300), and that the plaintiff can never bend at the waist during the workday (Tr. 301). Further, Dr. Chowdhari responded affirmatively that the plaintiff is significantly limited in his ability to repetitively reach, handle, or finger (Tr. 300), and that he needs the ability to shift at will (id.).

The question mentioned by the law judge for which Dr. Chowdhari failed to give a precise answer was the number of hours the plaintiff could sit and stand continuously on a daily basis (Tr. 19). In this connection, Dr. Chowdhari stated that the plaintiff cannot sit or stand continuously for prolonged periods of time (Tr. 300). The law judge reasoned that, "if the limitations were truly debilitating, there should be no reason why Dr. Chowdhari would be unable to provide answers that were definitive and without question" (Tr. 19). However, the fact that Dr. Chowdhari did not feel able to assign specific times to the plaintiff's ability to walk, stand, or sit does not justify totally disregarding his opinion. His opinion that the plaintiff cannot sit, stand, or walk for prolonged periods of time supports a conclusion

-15-

that the plaintiff needs a sit/stand option and therefore cannot perform the full range of medium work.

In rejecting the opinions of Drs. Kostamo and Chowdhari the law judge also states it "cannot be entirely ignored" that the plaintiff's physicians were paid to complete their questionnaires for the purpose of generating evidence for this appeal (Tr. 19-20). Compensating physicians for time spent completing functional assessments does not, in itself, indicate that the physicians' opinions are less worthy of credence, as both parties regularly compensate their experts for providing their opinions. See Lester v. Chater, 81 F.3d 821, 832 (9th Cir. 1995)("The Secretary may not assume that doctors routinely lie in order to help their patients collect disability benefits."). The law judge did not identify anything suspicious about the plaintiff's alleged compensation of his treating physicians for their time in completing the assessments. Notably, this is not a situation where the plaintiff went to a new doctor solely for the purpose of having the form completed. Rather, he simply asked the doctors who had been treating him for an extended period of time to perform the task. Furthermore, the state reviewers were presumably paid for their opinions. See Lester v. Chater, supra, 81 F.3d at

832 (An examining doctor's findings are entitled to no less weight when the examination is procured by the claimant than when it is obtained by the Commissioner.). Consequently, to the extent that the law judge discounted the treating physicians' opinions because the physicians were paid for their time spent completing the questionnaires, the decision is clearly flawed.

In sum, the factors that the law judge considered in discounting the opinions of Dr. Kostamo and Dr. Chowdhari have no substantial weight. Therefore, the law judge did not state good cause for discounting those opinions. This conclusion warrants a reversal and a remand.

On remand, the Commissioner, as indicated, may discount the opinions that the plaintiff is not capable of working eight hours per day for five days a week since that is the type of conclusion that is reserved to the Commissioner. However, the Commissioner must give substantial, or considerable, weight to the opinions of at least one of the treating physicians on the subsidiary issues of functional limitations, such as the ability to sit, stand, and walk, and the ability to lift and carry. He does not have to give such weight to both of them since their opinions are somewhat inconsistent. Moreover, he cannot give greater weight to the stale opinions of the

nonexamining reviewing physician and the single decisionmaker.  On the other hand, the Commissioner is not precluded from giving greater weight to the opinion of an examining physician who conducts a new consultative examination, or to a medical expert who testifies at a hearing, if that is warranted and reasonably explained.

The plaintiff has raised three other contentions.  Thus, the plaintiff argues that the law judge's credibility determination was inadequate, that the law judge did not consider side effects of medications, and that the law judge failed to retain a vocational expert (Doc. 15, pp. 17-25).  The issues regarding the plaintiff's credibility and the use of the vocational expert are appropriately pretermitted since the treatment of those matters could well change in the new decision on remand.

As to the issue regarding side effects of medication, the Commissioner persuasively argues that the contention lacks merit (Doc. 16, pp. 14-16).  The Commissioner points out that the plaintiff did not allege functional limitations from side effects, and did not testify to any functional limitations.  In that circumstance, the law judge is not required to consider the allegation.  Vesy v. Astrue, 353 Fed. Appx. 219, 225 (11th Cir. 2009)(unpub.

dec.); <u>Street</u> v. <u>Barnhart</u>, 133 Fed. Appx. 621, 627 (11th Cir. 2005)(unpub. dec.).

Moreover, the plaintiff refers only to his physicians' identification of possible medication side effects (<u>see</u> Doc. 15, p. 23, <u>citing</u> Tr. 299, 310). In contravention of the scheduling Order, he did not identify record evidence showing that he, in fact, experiences side effects from his medications that restrict his functional capacity. <u>See</u> Doc. 13 (the scheduling Order requires the plaintiff to support each contention with citations to the pertinent evidence).

IV.

For the foregoing reasons, the decision of the Commissioner of Social Security fails adequately to evaluate opinions of treating physicians. I, therefore, recommend that the decision be reversed and that this case be remanded for further proceedings.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: SEPTEMBER 3ᴰ, 2010

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. 636(b)(1).